**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NEW MEXICO, ex rel. SALLY HANSEN, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:11-cv-00566-WPL-CG |
| v. | ) ) | |
| DEMING HOSPITAL CORPORATION d/b/a MIMBRES MEMORIAL HOSPITAL, COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORP., and JERRY BOSSELL, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO RELATOR'S
MOTION TO COMPEL A RULE 26(f) CONFERENCE**

Qui tam relator Sally Hansen ("Hansen") seeks to compel defendants Deming Hospital

Corporation d/b/a Mimbres Memorial Hospital, Community Health Systems Professional

Services Corp., and Jerry Bossell (collectively, "Mimbres") to hold a Rule 26(f) planning

conference and submit to discovery while Mimbres' dispositive motion to dismiss Hansen's

False Claims Act lawsuit is still pending before the Court.  The Court should deny this request

for several reasons.  First, holding a planning conference (much less commencing discovery)

now would be wasteful and inefficient, since Mimbres' motion to dismiss will dispose of all of

Hansen's claims if it is granted and will significantly narrow the dispute if it is even granted in

part.  Second, Hansen is improperly seeking to use discovery to evade the strictures of Federal

Rule of Civil Procedure 9(b).  Hansen's request to obtain discovery from Mimbres is a thinly

{00496368-1}

veiled effort to try to cure the pleading defects identified in Mimbres' motion to dismiss. Uniform case law, however, prohibits obtaining discovery to circumvent Rule 9(b).  <u>Third</u>, Hansen's professed urgency to begin discovery is belied by her prosecution of the case, which has been pending for more than two years.  Deferring discovery for a brief period of time while the Court resolves Mimbres' motion to dismiss is most efficient and causes Hansen no prejudice. Accordingly, the Court should deny Hansen's motion.

<u>**ARGUMENT**</u>

On June 12, 2013, Mimbres moved to dismiss the First Amended Complaint on a variety of grounds.  ECF No. 63.  Briefing on that motion was completed on August 5, 2013 (see ECF No. 76), and the motion is pending before the Court.  On August 7, 2013, Hansen filed the instant motion seeking to compel a Rule 26(f) conference so that she can obtain discovery from Mimbres.  ECF No. 77 ("Motion").  However, in light of the pending motion to dismiss, Hansen's motion should be denied.

**I.    Holding A Rule 26(f) Planning Conference And Commencing Discovery Now Would Be Wasteful And Inefficient**

Under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  See also Local R. 26.4(a) (same).  In turn, the timing of a Rule 26(f) conference is keyed to the parties' initial scheduling conference with the Court.  Fed. R. Civ. P. 26(f)(1).  Here, the Court has not scheduled any such conference, nor has the Court provided any indication that it will do so before resolving Mimbres' motion to dismiss.  This is entirely consistent with local practice and common sense. The Rule 26(f) discovery conference is intended for the parties to develop a "discovery plan" concerning "the subjects on which discovery may be needed, when discovery should be

completed, [ ] whether discovery should be conducted in phases or be limited to or focused on particular issues," as well as "what changes should be made in the timing, form or requirement for [initial] disclosures." Fed. R. Civ. P. 26(f)(A) & (B). Yet, it makes no sense to engage in detailed discussions on these discovery topics without the benefit of the Court's ruling on the pending motion to dismiss. If the Court grants Mimbres' motion to dismiss in full, that will dispose of all of Hansen's claims. And even if the Court grants the motion to dismiss only in part, that will still substantially narrow the claims and dramatically change the scope and focus of discovery.[1] Holding a Rule 26(f) discovery conference and, even worse, commencing piecemeal discovery now would be both wasteful and inefficient.[2]

---

[1] For example, were the Court to dismiss the False Claims Act ("FCA") substantive claims (Counts I and II) but allow the retaliation claims (Counts III and IV) to go forward, the discovery plan and the actual discovery will look far different. And if the retaliation claims were to fail but the substantive FCA claims to survive, then the discovery plan and actual discovery would be different again.

[2] Hansen cites several cases for the proposition that a pending motion to dismiss is not, *by itself*, reason to stay discovery. But Mimbres does not argue otherwise. Rather, the Court should deny Hansen's motion because a Rule 26(f) discovery conference and piecemeal discovery now would be inefficient and, as described below, would be a blatant end-run around Rule 9(b). Other courts in FCA actions have declined to permit merits discovery until after the motion to dismiss is resolved. See, *e.g.*, *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 344 (4th Cir. 2009) (district court declines relator's request to conduct merits discovery until after motion to dismiss is resolved); cf. *United States ex rel. Galmines v. Novartis Pharmaceuticals Corp.*, No. CIV.A 06-3213, 2013 WL 2649704, at *14 (E.D. Pa. June 13, 2013) (Rule 26(f) conference deferred until after resolution of motion to dismiss); *Jacobs v. Lambda Research, Inc.*, No. 10-CV-536, 2012 WL 748578, at *2 (S.D. Ohio Mar. 8, 2012) (same). Nor, in any event, is Hansen's premise correct. "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action," as is true here. *Gen. Steel Domestic Sales v. Steelwise, LLC*, No. 07-cv-1145, 2008 WL 5101341, at *7 (D. Colo. Nov. 26, 2008); see also, *e.g.*, *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery where defendant filed dispositive motion to dismiss that "appears to be not unfounded in the law" and where stay would not unfairly prejudice plaintiffs); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (collecting cases) aff'd, 87 F. App'x 713 (11th Cir. 2003).

**II.     Hansen Should Not Be Permitted To Use Discovery To Evade Rule 9(b)**

Moreover, Hansen's desire to obtain documents from Mimbres is not simply for "moving the case forward 'just[ly] and speed[ily].'" Motion at 1.  Rather, Hansen improperly seeks to obtain discovery from Mimbres to circumvent Rule 9(b), which requires relators to allege fraud with particularity at the pleading stage.  See Fed. R. Civ. P. 9(b); *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (FCA relators must "set forth the 'who, what, when, where and how' of the alleged fraud" in the complaint) (some internal quotation marks omitted)).  In her motion-to-dismiss papers, Hansen argued (for the first time) that her complaint states a viable FCA claim under a so-called "worthless services" theory.  ECF No. 69 at 26–28.  Mimbres responded that Hansen does not come close to satisfying Rule 9(b) as to this theory because she alleges no detail whatsoever.  ECF No. 74 at 13–14.  In tacit recognition of her pleading defects, Hansen acknowledged that her worthless services theory "is not expressly pled" and asked the Court for leave to amend her First Amended Complaint if necessary.  ECF No. 69 at 28 n.16; see also *id.* at 31 n.19.

Through the instant motion, Hansen now seeks to obtain through discovery information to cure her pleading defects.  Courts, however, uniformly hold that relators cannot do an end-run around Rule 9(b) by using discovery to gather the very information that Rule 9(b) requires them to plead *before commencing discovery*.  "Were FCA plaintiffs allowed to rely on general, nonspecific pleadings in the hope that discovery will provide them with the necessary information, . . . the stringent Rule 9(b) pleading requirements would be meaningless and the policy and justification behind those requirements would be turned on their heads." *United States v. Aggarwal*, No. 03CV1170, 2004 WL 5509107, at *5 n.11 (M.D. Fla. Nov. 8, 2004).

Indeed, by requiring relators to plead fraud with particularity in the first instance, Rule 9(b) "acts as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310 (Fed. Cir. 2011). Were Hansen to "ge[t] a ticket to the discovery process" based on her threadbare pleadings, then "[t]he particularity requirement of Rule 9 is a nullity." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (internal quotation marks omitted).[3]

### III. Hansen's Professed Urgency Is Disingenuous

Hansen's professed urgency to begin discovery is belied by her conduct of the case so far. Hansen waited nearly four months to serve Mimbres with the original Complaint once it was unsealed. See ECF Nos. 22 (Complaint unsealed on August 8, 2012), 25-28 (defendants served on November 30, 2012 and December 3, 2012). When Mimbres moved to dismiss the Complaint, Hansen did not file a response, but instead filed the First Amended Complaint. ECF No. 50. And when Mimbres moved to dismiss that complaint, Hansen sought and received an extension of time to file her opposition. ECF No. 65.

---

[3] See also, *e.g.*, *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009) (Rule 9(b) "prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'"); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 789 (4th Cir. 1999) ("The clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." (internal quotation marks omitted)); *Kellogg Brown & Root Servs., Inc. v. United States*, 99 Fed. Cl. 488, 495 (Fed. Cl. 2011) ("Rule 9(b) serves a gatekeeping function, in order to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery") (internal quotation marks omitted); *Aggarwal*, 2004 WL 5509107, at *5 n.11 (using discovery to allege fraud with particularity "is precisely what the pleading requirements of Rule 9(b) were meant to eliminate"); *United States ex rel. Burch v. Piqua Eng'g, Inc.*, 145 F.R.D. 452, 455 (S.D. Ohio 1992) ("The purpose of this rule is to protect defendants from a plaintiff conducting a discovery fishing trip in a fraud case.").

The case has now been pending for more than two years.[4]  Briefly deferring a Rule 26(f) conference while the Court resolves Mimbres' motion to dismiss will not prejudice Hansen in any way, but it will (for the reasons above) both avoid potentially needless discovery and, more important, prevent Hansen from strategically evading Rule 9(b)'s important limitations.

### CONCLUSION

For these reasons, the Court should deny Hansen's motion.


Respectfully submitted,

| | |
|---|---|
| /s/ David H. Johnson | Michael L. Waldman |
| David H. Johnson | Mark A. Hiller |
| Greg L. Gambill | Robbins, Russell, Englert, Orseck, |
| Montgomery & Andrews | Untereiner & Sauber LLP |
| 6301 Indian School Rd. NE | 1801 K Street, N.W., |
| Suite 400 | Suite 411-L |
| Albuquerque, NM 87110 | Washington, D.C.  20006 |
| Phone (505) 884-4200 | Phone (202) 775-4500 |
| Fax (505) 888-8929 | Fax (202) 775-4510 |

*Counsel for Defendants Deming Hospital Corporation d/b/a Mimbres Memorial Hospital, Community Health Systems Professional Services Corp., and Jerry Bossell*

Dated: August 23, 2013

---

[4] While the case was under seal for much of this time to allow the United States and New Mexico to investigate and ultimately decide not to intervene, there is no indication that Hansen was in any rush to proceed during this sealed period.  And as indicated above, after the unsealing of the complaint, there was no indication from Hansen of any urgent need for discovery until faced with Mimbres' motion to dismiss.

**COUNSEL OF RECORD TO BE NOTICED VIA CM/ECF:**

Robert R. Rothstein
rrothstein@rothsteinlaw.com
Rothstein Law Firm
P.O. Box 8180
1215 Paseo de Peralta
Santa Fe, NM 87504-8180

Brendan K. Egan
bkegan@rothsteinlaw.com
The Rothstein Law Firm
500 4th Street NW Suite 400
Albuquerque, NM 87102

Carolyn M. Nichols
cmnichols@rothsteinlaw.com
Rothstein, Donatelli LLP
500 4th St. NW, Suite 400
Albuquerque, NM 87102

Anand Swaminathan
anand@loevy.com
Loevy&Loevy
312 North May Street, Suite 100
Chicago, IL 60607

Michael Kanovitz
mike@loevy.com
Loevy&Loevy
312 North May Street Suite 100
Chicago, IL 60607

Howard R. Thomas
howard.thomas@usdoj.gov
U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM 87103

Jody Curran
jcurran@nmag.gov
New Mexico Attorney General's Office
111 Lomas NW Suite 300
Albuquerque, NM 87102

*/s/David H. Johnson*

_____

Montgomery & Andrews, P.A.