# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, and<br>STATE OF NEW MEXICO, *ex. rel.*<br><br>SALLY HANSEN,<br><br>    Plaintiff-Relator,<br><br>v.<br><br>DEMING HOSPITAL CORPORATION<br>d/b/a MIMBRES MEMORIAL HOSPITAL,<br>COMMUNITY HEALTH SYSTEMS<br>PROFESSIONAL SERVICES CORP., and<br>JERRY BOSSELL,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 11-CV-00566 WPL/CEG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RELATOR'S REPLY IN SUPPORT OF HER MOTION TO COMPEL DEFENDANTS TO PARTICIPATE IN A RULE 26(f) DISCOVERY PLANNING CONFERENCE [DOC. 77]

1.  Relator is asking nothing more than for Defendants to participate in a Rule 26(f) conference, "as soon as practicable" as stated in the Federal Rules. Defendants in effect seek to obtain a stay of discovery, without actually requesting one, by refusing to participate in a Rule 26(f) conference. Doc. 77.

2.  Defendants provide three justifications for their refusal to participate in a Rule 26(f) conference. Relator addresses each of those arguments in turn.  Doc. 81.

3.  First, Defendants argue that *any* discovery now would be wasteful and inefficient because the scope of discovery could change based on the Court's ruling on the motion to dismiss. Doc. 81. Defendants miss the point:[1] Relator is not seeking full-blown discovery. To the contrary, Relator readily acknowledges that a reasonable balance is appropriate while Defendants' motion to dismiss is

---

[1] This could be true only if the Court were to grant Defendants' motions to dismiss as to every one of Relator's theories of fraud under the federal and state False Claims Acts ("FCA"), but allow Relator's retaliation claim to survive. Even then, discovery on Relator's retaliation claim – which is based on her investigation and reporting of the same fraudulent conduct underlying her FCA claims – would be substantially similar to the discovery on her FCA claims.

pending. To that end, Relator is only asking that Defendants participate in a Rule 26(f) conference. Defendants do not explain how participation in such a conference is unduly burdensome.

4. This is not a futile exercise. Topics often discussed at Rule 26(f) conferences would be appropriate to discuss in this case at this juncture. These include, "the possibilities for promptly settling or resolving the case," "any issues about preserving discoverable information," and "arrang[ing] for the disclosures required under Rule 26(a)(1)." *See* Fed. R. Civ. P. 26(f)(2). Indeed, by way of example, the parties could discuss a date for the exchange of Initial Disclosures. Initial Disclosures, routinely prepared at the earliest stages of discovery, allow for the exchange of information about potential witnesses and categories of documents in the possession of each party, as well as information about damages and insurance coverage. This exchange is not burdensome, and it would allow both sides to learn information that may prompt them to consider an early resolution of this matter (fulfilling another Rule 26(f) obligation).

5. Likewise, parties often produce discrete categories of documents with Initial Disclosures. Here, the parties could easily exchange a limited category of documents with almost no burden: the documents that they each already produced to the government. Tellingly, Defendants do not (because they cannot) argue that exchanging this discrete category of documents would be burdensome. *See* Doc. 81.

6. Recognizing this, Defendants take a different approach. They construe Relator's request that Defendants participate in a Rule 26(f) conference as a "thinly veiled effort" to "cure pleading defects" and "circumvent Rule 9(b)." Doc. 81, at 1-2. This is a common refrain from FCA defendants at this stage, but it is inappropriate here because Defendants' motion to dismiss was brought pursuant to Rule 12(b)(6), not Rule 9(b). In other words, they conceded (to their credit) that

Relator's claims are pleaded with particularity.[2]  Their argument, then, amounts to a nonsensical claim that Relator seeks discovery to cure a defect that Defendants concede does not exist.[3]

7. Finally, Defendants contend that Relator's request for a Rule 26(f) conference is "disingenuous" because she has been dilatory in her prosecution of this case, now pending for more than two years. It is Defendants who are being disingenuous. As they are well-aware, this case was under seal and under investigation by the United States and the State of New Mexico for more than 13 months initially, and another two months after the First Amended Complaint was filed. (Dkt. Nos. 1, 22, 50, 58.) All of this was pursuant to the FCA statutes and corresponding court orders. Defendants then took two months to file their renewed motion to dismiss (Dkt. No. 61-63), and Relator timely filed her response within 30 days (Dkt. No. 69). None of this supports the contention that Relator has been dilatory in prosecuting this action, and certainly does not provide a basis upon which Defendants should be permitted to refuse to participate in a Rule 26(f) conference.

8. Relator reiterates that she will make her counsel available to participate in the conference at any time convenient to Defendants.

WHEREFORE, Relator respectfully requests that this Court order the parties to engage in a Rule 26(f) conference promptly, grant Plaintiff's Motion (Doc. 77), and order any additional relief the Court deems justified under the circumstances.

---

[2]  Defendants raised a Rule 9(b) argument for the first time in their reply, and only with regard to a single theory of FCA liability based on the worthless services doctrine.

[3]  Defendants' argument that Relator seeks discovery to beef up the pleadings is nonsensical for another reason: Relator did not seek to compel a Rule 26(f) discovery conference, or any document discovery, until after the motion to dismiss was fully briefed. If she felt she needed discovery for her operative complaint to survive, she could have pressed the issue and brought this motion around the time of Defendants' initial motion to dismiss in January 2013. (Doc. 44.)

Respectfully submitted,

LOEVY & LOEVY

/s/ Anand Swaminathan 9/9/2013
MICHAEL KANOVITZ
ANAND SWAMINATHAN
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900


ROTHSTEIN, DONATELLI,
HUGHES, DAHLSTROM,
SCHOENBURG & BIENVENU,
LLP

/s/ Brendan K. Egan 9/9/2013
CAROLYN M. NICHOLS
BRENDAN K. EGAN
500 4th Street NW, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443

*Attorneys for Relator Sally Hansen*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of September, 2013, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Howard R. Thomas
U.S. Attorney's Office
howard.thomas@usdoj.gov

Jody R. Curran
Office of the Attorney General
jcurran@nmag.gov

Greg L. Gambill
ggambill@montand.com

William C. Madison
wcm@madisonlaw.com

Michael L. Waldman
Mark A. Hiller
mwaldman@robbinsrussell.com
mhiller@robbinsrussell.com

/s/ Brendan K. Egan 9/9/2013
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG &
BIENVENU, LLP

5