**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NEW MEXICO, ex rel. SALLY HANSEN, <br><br> Plaintiffs, <br><br> v. <br><br> DEMING HOSPITAL CORPORATION d/b/a MIMBRES MEMORIAL HOSPITAL, COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORP., and JERRY BOSSELL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 2:11-cv-00566-WPL-CG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' OPPOSITION TO RELATOR'S MOTIONS FOR
RECONSIDERATION AND FOR LEAVE TO AMEND HER COMPLAINT**

In its November 21, 2013 order (the "Order"), the Court considered and rejected each of

Relator Sally Hansen's theories of False Claims Act liability against Defendants Deming

Hospital Corporation d/b/a Mimbres Memorial Hospital, Community Health Systems

Professional Services Corporation, and Jerry Bossell (collectively, "Mimbres"). The Court also

considered and rejected Relator's request to file another amended complaint. Now, through her

motions for relief under Rule 59(e) and for leave to amend her complaint (see Docket Entries

("Doc.") 89 and 90), Relator asks the Court to reverse both determinations.

The Court should reject those requests and deny the motions. Relief under Rule 59(e) is

an "extraordinary remedy" that is appropriate only in the narrow circumstances where there has

been a post-judgment change in decisional law, where previously unavailable evidence has come

to light, or where the court has committed manifest error. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Fed. Prac. & Proc. Civ. § 2810.1, at 156–57 (3d ed. 2012). None of those circumstances is remotely present here. Relator alleges no change in decisional law (and there has been none); she alleges no new evidence (but only legal conclusions that were long available to her and that, in any event, do not help her case); and the Court's judgment is not only correct, but Relator's assertions to the contrary are mere re-argument of positions the Court already considered and properly rejected. Nor did the Court err in denying Relator leave to amend her complaint yet again. The Court should therefore deny Relator's motions.

## DISCUSSION

### I.   Relator Rehashes Her Previous Arguments That This Court Addressed And Correctly Rejected

Most of Relator's motion does exactly what Rule 59(e) prohibits: It "revisit[s] issues already addressed" and "advance[s] arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). For example, the motion mainly argues that the Court misinterpreted the materiality standard and created "blanket immunity" for False Claims Act defendants. See Doc. 89 (the "Motion") at 11–21. This is a verbatim or near-verbatim reprise of what Relator previously argued in her opposition to Mimbres' motion to dismiss (Doc. 69). See Doc. 69 at 3 (claiming that Mimbres seeks "blanket immunity"), 12–14 (arguing materiality), 22–26 (same). In other places, the Motion cites additional case law and regulations that were available to Relator when she opposed Mimbres' motion to dismiss and that, in any event, do not involve CLIA and have no bearing on this case. *E.g.*, Motion 16. And in still other places, Relator claims that the Court ignored her allegations, even though the 45-page Order thoroughly addressed them. Compare, *e.g.*, Motion 11 (asserting

2

that the Court "failed to consider . . . the CLIA regulations authorizing the government to revoke certification and suspend approval for payments") with Order 12 ("principal sanctions include the suspension, limitation, or revocation of CLIA certification"), Order 12 ("For laboratories participating in Medicare, 'additional sanctions' that are 'available' include the principal sanction of cancellation of approval to receive Medicare payments for services . . . ."), and Order 11–14 (analyzing CLIA regulations in detail).

As the Tenth Circuit has made clear, a Rule 59(e) motion is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012. That prohibition applies even more so here, where Relator's motion reasserts *old* arguments that Relator *already* made and that the Court *already* rejected. Charles Alan Wright, et al., 11 Fed. Prac. & Proc. Civ. § 2810.1, at 163 ("The Rule 59(e) motion may not be used to relitigate old matters . . . .").

Moreover, even if Relator's arguments were appropriate for a Rule 59(e) motion—and they are not—they cast no doubt on the correctness of the Court's judgment. After extensively reviewing the applicable law and regulations, the Court properly concluded that "CLIA regulations, like the Medicare regulations discussed in [*U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211 (10th Cir. 2008)], are not conditions of payment." Order 17. "Like the regulations at issue in *Conner*, CLIA regulations set forth a detailed administrative mechanism for addressing noncompliance." *Id.* at 14. "As in *Conner*, continued CLIA certification (and therefore continued participation in Medicare) need not rely on perfect compliance . . . ." *Id.* at 15. And, "just as in *Conner*, nothing in these [CLIA] regulations

3

'indicate[s] that the government normally seeks retroactive recovery of Medicare payments for services actually performed on the basis that the noncompliance rendered them fraudulent.'" *Ibid.* Relator's motion disputes none of these dispositive propositions, but only rehashes arguments the Court already rejected (at Order 17–20), or cites inapposite cases not involving CLIA or comparable regulations.[1]

## II. Relator's New Allegations Do Not Plead "Facts," But Only Legal Conclusions That Are Irrelevant In Any Event

Relator claims that her proposed Second Amended Complaint "now pleads additional facts that support a finding of materiality." Motion 3. Relator is mistaken. The asserted "facts" are, in reality, mostly legal conclusions that are entitled to no deference and that, in any event, do not help her case.

1.      First, Relator proposes to add a new sentence alleging that the State of New Mexico has determined, through a letter dated August 15, 2013, that "substantial evidence does exist that a violation of the Act" has occurred. Doc. 90-1 ¶ 179; Motion 3. This letter provides no basis for Rule 59(e) relief. To start with, Relator fails to mention that the Court placed this

---

[1] Relator also repeatedly confuses a factual allegation, which (if well-pleaded) the Court must accept as true when resolving a motion to dismiss, and a legal conclusion that the Court is entitled—indeed, required—to draw itself. For example, Relator asserts that the Order is "contrary to the allegations" (Motion 19) insofar as the Order states that "in the promissory fraud context, neither participation nor payment are conditioned on full regulatory compliance." Order 32. But construing the meaning of the False Claims Act and the laboratory regulations is precisely the province of the Court, and is what the Tenth Circuit did in *Conner* to resolve the motion to dismiss in that case.

Relator also highlights that revocation of a CLIA certificate and accompanying cancellation of Medicare billing rights are sanctions CMS may impose. But as the Order recognizes, and as Relator does not dispute, Mimbres possessed a CLIA certificate at all relevant times (and continues to possess one today). Order 2. Indeed, at no point has Mimbres' CLIA certificate ever been limited, suspended, or revoked, and Relator does not allege to the contrary.

4

letter into the record (at Relator's request) three months *before* the Court issued the Order on November 21, 2013.  See Doc. 79.  As with the rest of Relator's motion, this "new" allegation is just improper re-argument of points the Court has already considered.  *Servants of Paraclete*, 204 F.3d at 1012.  Moreover, the letter contains no factual allegation or any reasoning at all[2] and, in fact, the State of New Mexico on two separate occasions has declined to intervene in Relator's lawsuit.  Whether Relator has stated a False Claims Act violation is precisely the question for the Court—and not the State of New Mexico, which is a party in interest—to decide.  And as explained above, the Court correctly answered that question in the negative, holding that Relator's False Claims Act counts fail as a matter of law.  Finally, the "Act" the letter refers to is not the federal False Claims Act, but the New Mexico analogue.  See Doc. 78-1.  Even if the State's letter were entitled to any deference—and it is not—that deference would not extend to an interpretation of federal law.

2.      Also irrelevant is Relator's allegation that New Mexico—which, as noted above, has twice declined to join this lawsuit—seeks an administrative payment from Mimbres.  Motion 3.  That allegation, which Mimbres treats as true for purposes of Relator's motion, does not bear on the Court's correct conclusion that CLIA is not a condition of payment.  See Order 18 ("[T]he determination of whether CLIA regulations condition Medicare payments on regulatory compliance is a question of law that requires no adjudication of the facts.  It is for this reason that the Tenth Circuit was able to affirm the district court's grant of a motion to dismiss in *Conner* after determining that the certification in question was merely a condition of Medicare

---

[2] Indeed, the author of the letter emphasizes that the author's office normally does not even opine on whether the statute has been violated, but rather "has long deferred" to another agency (which has not submitted any letter in this case).  Doc. 78-1.

participation."). Relator does not point to any provision of New Mexico or federal law authorizing New Mexico or the federal government to seek retroactive recovery of payments made for noncompliant testing. To the contrary, Relator's allegation that New Mexico is pursuing an administrative remedy relating to laboratory testing issues at Mimbres just underscores the "concerns that the Tenth Circuit articulated in *Conner*" of interfering with agency discretion and "putting courts in the position of regulatory inspectors in the Medicare context." *Id.* at 16–17.

3.      Next, Relator proposes to add "allegations emphasizing that the CLIA violations alleged herein are Condition-level violations for which revocation or suspension of a lab's CLIA certification is the 'principal sanction.'" Motion 4; see also Doc. 90-1 ¶¶ 181–83, 188 (citing CLIA regulations). As above, these allegations provide no basis for Rule 59(e) relief. The Order extensively reviewed the same regulations Relator now cites and reached the "inevitable conclusion" that CLIA sets forth quintessential conditions of participation. Order 17. And as noted above (in footnote 1), Relator does not dispute that CMS has not revoked, suspended, or limited Mimbres' certificate. Moreover, Relator's new allegations are pure legal conclusions that were available to Relator long before she filed even her original complaint.

4.      Relator further seeks to allege that Mimbres expressly certified that its laboratory "will be operated in accordance with applicable standards found necessary . . . to carry out the purposes of [CLIA]." Motion 5 (brackets and ellipsis in original). But the Court already held that, even if Mimbres did "certify[] compliance with CLIA regulations, those regulations only serve as conditions of participation in Medicare," and "Hansen concedes that liability under the express false certification theory may only be premised on certifications of compliance with

6

conditions of payment." Order 21. Moreover, Relator provides no explanation or justification for her belated request to add this allegation.

5.      Finally, Relator proposes to add allegations to "bolster her worthless services claim." Motion 6 (capitalization omitted). None of these allegations, however, remotely supports Rule 59(e) relief. All but one of the allegations cite generic academic studies or legal conclusions about the meaning of CLIA or the history of its enactment, and were all long available to Relator. See Doc. 90-1 ¶¶ 186–90, 192–95. The only paragraph that contains any factual allegation (*id.* ¶ 191) lacks any specificity as to (i) the date of the tests at issue, (ii) the patients who were tested, (iii) the alleged CLIA violation(s) that led to allegedly incorrect test results, (iv) what if any claims Mimbres actually submitted for the patients in question; (v) the amount of such claims; and indeed (vi) whether the patients in question were actually Medicare or Medicaid beneficiaries and not privately insured instead. This single paragraph thus does not come close to satisfying Rule 9(b). And, even assuming *arguendo* it did, the allegations would still fail as a matter of law for the reasons stated in the Order. The allegations do not allege that Mimbres' services were "entirely devoid of value" or that Mimbres "utterly failed" to provide laboratory services to its patients, as a worthless services claim requires. Order 36; see also *id.* at 34 ("courts strictly interpret the term 'worthless' in this context"). Finally, Relator provides no explanation for her belated request to make these allegations now, after Mimbres has already incurred the time and expense of filing two motions to dismiss.

## III.    The Court Properly Dismissed Relator's Retaliation Claim

Relator asserts that the Court "misapprehend[ed] the law" when it dismissed Relator's False Claims Act retaliation claim. Motion 21 (capitalization omitted). That is wrong. The

7

Court thoroughly reviewed the case law both before and after the 2009 amendments, as well as the first amended complaint. Order 38–43. The Court then properly held that an "employee's FCA whistleblower claim may only succeed if her actions suggested to the employer that she was seeking to prevent fraud on the government," and that "nothing in Hansen's allegations suggests that she raised any concerns with Defendants regarding fraudulent billing, false claims, or any other activity that might be covered under the FCA." *Id.* at 41–42. Relator suggests that the Court imposed a requirement that Relator actually use the word "fraud" when speaking with supervisors. Motion 21–22. But even assuming *arguendo* that such a requirement would be erroneous, the Court did not impose it. At bottom, Relator merely disagrees with the uniform case law requiring "a nexus between protected activity and fraud that is actionable under the FCA." Order 41. And Relator does not claim she can meet that well-established standard.

## IV.     The Court Should Not Allow Relator To File Another Amended Complaint

Relator concedes that the Tenth Circuit prohibits amendment unless this Court first grants Relator relief under Rule 59(e). Doc. 90 ¶ 4. That "extraordinary" relief is plainly not warranted for the reasons set out above. Consequently, Relator's motion to file a seconded amended complaint must likewise be denied.

But even if Relator was able to overcome that insurmountable hurdle, there are numerous reasons to deny Relator's request to amend. First, also for the reasons above, amendment would be futile. Second, Relator provides no excuse, justification, or explanation for why she has waited until now—after two complaints, two motions to dismiss, and the Order—to seek leave to add her new allegations, the vast majority of which merely cite to regulations that the Court's Order already extensively examined and that Relator could (and frequently did) cite in prior

pleadings and briefing. Similarly, Relator has put forward no reason for not having previously alleged its worthless services theory of liability. As the Court already held, Relator failed to plead that theory in her first amended complaint, even though "Defendants' first motion to dismiss put her on notice that they were challenging the FCA claim in her original complaint under the false certification and promissory fraud theories of liability." Order 44. "Hansen's request may also be denied due to her repeated failure to cure deficiencies by amendments previously allowed." *Id.* at 45 (internal quotation marks omitted). Finally, as explained above, Relator's proposed new allegations fail to satisfy Rule 9(b) and, in any event, do not state a worthless services claim (assuming *arguendo* the Court would recognize that theory of liability).

## CONCLUSION

For these reasons, the Court should deny Relator's motion for reconsideration (Doc. 89) and motion to file a second amended complaint (Doc. 90).

Respectfully submitted,

/s/ David H. Johnson
David H. Johnson
Greg L. Gambill
Montgomery & Andrews
6301 Indian School Rd. NE
Suite 400
Albuquerque, NM 87110
Phone (505) 884-4200
Fax (505) 888-8929

Michael L. Waldman
Mark A. Hiller
Robbins, Russell, Englert, Orseck,
 Untereiner & Sauber LLP
1801 K Street, N.W.,
Suite 411-L
Washington, D.C. 20006
Phone (202) 775-4500
Fax (202) 775-4510

*Counsel for Defendants Deming Hospital Corporation d/b/a Mimbres Memorial Hospital, Community Health Systems Professional Services Corp., and Jerry Bossell*

Dated: January 6, 2014